IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYDELL GRANT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-16-2430 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and life sentence for murder. Respondent filed a motion for summary judgment (Docket Entry No. 16), and served petitioner a copy at his address of record. Petitioner did not file a proper or timely response.[1]

Having reviewed the motion, the record, the pleadings, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Petitioner was convicted of murder and sentenced to life imprisonment. The conviction was affirmed on appeal, *Grant v. State*, No. 01–12–01173–CR, 2014 WL

---

[1] Petitioner's first response (Docket Entry No. 21) was stricken from the record as improperly filed for failure to include a certificate of service. Petitioner's second response (Docket Entry No. 33) was untimely and filed without leave of Court. In the interest of justice, the Court has reviewed petitioner's responses and finds that, if properly filed, they would not have precluded the granting of summary judgment in this case.

1318885 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review. Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals in July 2016.

Petitioner raises the following grounds for federal habeas relief:

1. The State presented perjured testimony.

2. The State suppressed evidence in violation of *Brady*.

3. Trial counsel was ineffective in failing to

    (a) interview witnesses Watkins and Post;

    (b) interview Detective Cisneros regarding Post's statements;

    (c) introduce Post's recorded statements for impeachment purposes;

    (d) interview witness Wells;

    (e) investigate the Crime Stopper's call that implicated petitioner;

    (f) interview and investigate witness Garza's criminal history;

    (g) investigate Watkins's criminal history;

    (h) investigate Montoya's criminal history and citizenship status;

    (i) object to hearsay testimony;

    (j) request a curative instruction following sustained objections;

    (k) object to Watkins's testimony;

    (l) object to Detective Cisneros's testimony;

    (m) object to the State's closing argument; and

    (n) obtain a DNA expert to refute the State's expert's testimony.

4. Appellate counsel was ineffective in failing to raise ineffective assistance of trial counsel or object to testimony on appeal.

5. Petitioner is actually innocent.

Respondent argues that these claims are procedurally defaulted and/or without merit and should be dismissed.

## II. FACTUAL BACKGROUND

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction:

> Around 11:45 p.m. on December 10, 2010, at Club Blur, a nightclub located in the Montrose area of Houston, four bouncers, two patrons of the club, and a bystander observed the complainant, Aaron Scheerhorn, run up to the door of the club in a panic. Scheerhorn was followed by a larger man who chased him up to the club. Scheerhorn screamed for help and opened up his shirt to show that he had been stabbed. As he tried to get inside the club, the assailant stabbed him again, chased him into an adjacent parking lot, and stabbed him several more times. After Scheerhorn collapsed, the assailant made eye contact with one of the witnesses and calmly left the scene. Scheerhorn later died from his injuries. Six out of the seven eyewitnesses identified [petitioner], both in a photo-array and in court, as the assailant.
>
> Five days after Scheerhorn's murder, Houston Police Department ("HPD") Officer K. Allen stopped [petitioner] for a traffic violation. After Officer Allen arrested [petitioner] for driving with a suspended license, he discovered that [petitioner] was wanted for questioning in connection with Scheerhorn's murder, so he transported [him] to the homicide division. Homicide investigators subsequently obtained a warrant to search [petitioner's]'s car. During the ensuing search, Officer A. Palatino discovered and photographed a wig, a ski mask, and a Halloween mask located in a bag contained in the trunk.
>
> * * * *
>
> The jury subsequently found [petitioner] guilty of the offense of murder.

\* \* \* \*

[Petitioner] pleaded true to the allegations in an enhancement paragraph, which concerned a 1994 conviction for aggravated robbery, and stipulated that he had five other prior convictions: a 2004 conviction for possession of marijuana, a 2006 conviction for theft, and three 2009 convictions for credit or debit card abuse. In addition, the State presented evidence that [petitioner] was a member of the 52 Hoover Crips, which was identified as a violent Houston area gang. Ultimately, the jury assessed [petitioner]'s punishment at confinement for life and imposed an $8,000 fine.

*Grant*, 2014 WL 1318885, at \*1–2.

## III. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV. PROCEDURAL DEFAULT

Respondent argues that petitioner failed to exhaust his ineffective assistance of trial counsel claims (d) through (n), and that the claims are now procedurally defaulted and barred from consideration by this Court.

Petitioners seeking habeas relief under section 2254 are required to exhaust all claims in state court before requesting federal relief. *See* 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–48 (1999); *Fisher*, 169 F.3d at 302. For purposes of section 2254 exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a properly-filed petition for discretionary review or post-conviction habeas application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

The record in this case shows that petitioner presented his ineffective assistance of trial counsel claims (d) through (n) only in his memorandum of law filed with his state habeas application. *Ex parte Grant*, pp. 39–68. This did not properly present the grounds for relief to the Texas Court of Criminal Appeals, as the claims were not raised in the form petition as required by Texas Rule of Appellate Procedure 73.1. *See Ex parte Walton*, 422

S.W.3d 720 (Tex. Crim. App. 2014) (holding that the court will not consider grounds for relief set out in a memorandum of law that were not raised on the required habeas form); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989) (raising a claim in a procedural context in which its merits will not be considered does not constitute "fair presentation" for AEDPA exhaustion purposes). Consequently, petitioner's ineffective assistance of trial counsel claims (d) through (n) are procedurally defaulted.

For this Court to reach the merits of these defaulted claims, petitioner must establish "cause" and "prejudice" from the state court's failure to consider the claims. *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Petitioner fails to establish cause and prejudice as to the default, and the claims are barred from consideration by the Court.

Respondent is entitled to summary dismissal of petitioner's ineffective assistance of trial counsel claims (d) through (n), and the claims are dismissed.

## V. PROSECUTORIAL MISCONDUCT

Petitioner alleges that the State elicited and failed to correct perjured testimony at trial as to three witnesses. It is well established that a prosecution's knowing use of false testimony violates due process, *Giglio v. United States*, 405 U.S. 150, 154 (1972), and that a prosecutor has a duty to correct false or misleading testimony when it comes to his attention. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). It is petitioner's burden to prove that the testimony was false or misleading, that the prosecution knew it, and that the testimony was material.

8

A claim of prosecutorial error or misconduct is actionable on federal habeas review only where the alleged misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Due process is not violated unless the alleged conduct deprived the petitioner of his right to a fair trial. A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992).

To support his claim, petitioner directs the Court to contradictory and inconsistent statements and testimony in the record; these discrepancies, however, do not constitute perjury. Petitioner fails to establish that the subject testimony was actually false, that the prosecutor was actually aware of the alleged falseness, and that the testimony was material. Petitioner's conclusory allegations of perjury are insufficient to raise a constitutional issue or preclude the granting of summary judgment. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983); *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982).

Moreover, the state court rejected petitioner's claim on collateral review, and expressly found that petitioner's allegation of prosecutorial misconduct regarding false testimony was conclusory and insufficient to warrant habeas relief. *Ex parte Grant*, p. 206. The Texas Court of Criminal Appeals relied on the state court's findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

The state court rejected petitioner's claims of prosecutorial misconduct. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable

application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VI. *BRADY* CLAIMS

Petitioner next argues that the State withheld information implicating other suspects, did not disclose the criminal history of one witness, and did not disclose the citizenship status of another witness.

To establish a suppression of evidence claim, a habeas petitioner must prove that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; (3) the evidence was material either to guilt or punishment; and (4) the alleged favorable evidence was not discoverable through due diligence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). Evidence is material only if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 677, 682 (1985); *Rector*, 120 F.3d at 562. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Rector* at 562. Rather, it is a petitioner's duty to prove that the evidence would reasonably cast the entire case in a different light so as to undermine confidence in the verdict. *Kyles v. Whitley*, 514 U.S. 419, 434–35 (1995); *Rector* at 562.

Further, *Brady* does not obligate the State to produce evidence or information already known to the defendant, or that could be obtained through the defendant's exercise of

reasonable diligence. *Castillo v. Johnson,* 141 F.3d 218, 223 (5th Cir. 1998). There is no *Brady* violation if a defendant, using due diligence, could have obtained the information. *Williams v. Scott,* 35 F.3d 159, 163 (5th Cir. 1994); *see also West v. Johnson,* 92 F.3d 1385, 1399 (5th Cir. 1996) ("Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence.").

Petitioner in the instant case fails to show that the prosecution violated *Brady* as to any of the allegedly undisclosed evidence or information, nor does he establish that the evidence was available to the defense only through the prosecution. He further fails to show that the evidence or information would have reasonably cast the entire case in a different light so as to undermine confidence in the verdict. Petitioner's conclusory allegations of undisclosed evidence are unsupported in the record and do not warrant habeas relief.

The state court rejected petitioner's *Brady* claims, and expressly concluded that he failed to allege and prove facts sufficient to support his claims that the State failed to disclose exculpatory evidence or that there was a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different. *Ex parte Grant,* p. 206.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## VII. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that counsel was ineffective in the following instances.

A. <u>Failure to interview Watkins, Post, and Cisneros</u>

Petitioner complains that trial counsel failed to undertake personal interviews of witnesses Watkins (two witnesses), Cisneros, and Post. In responding to petitioner's claims on state habeas review as to witness Post, trial counsel submitted an affidavit in which he testified, in relevant part, as follows:

> I did not interview [Ms.] Post, and I have no documentation that my investigator interviewed [Ms.] Post. I did not request my investigator interview [Ms.] Post because I did not think Ms. Post possessed any information that would be helpful to [petitioner]. Ms. Post was an eyewitness to the murder, and the information she provided to the police was documented in the Houston Police Department offense report I received. Additionally, [my co-counsel] reviewed Ms. Post's recorded statement. According to notes [co-counsel] made while viewing [Ms.] Post's recorded statement, Ms. Post told the homicide investigator she saw a black male attacking and stabbing a white male, but she added she didn't think she could identify the black male suspect if she saw him again. She told the homicide investigator the black male was the aggressor, the black male never looked defensive during the attack, and the victim never did anything to provoke the attack. The information provided by Ms. Post in her witness statement did not, in my opinion, support a

13

self-defense theory for the case. Furthermore, Ms. Post was present at the scene when the murder happened, so Ms. Post could not provide information that would be helpful to [petitioner's] alibi defense.

I do not know if Ms. Post was available to testify at [petitioner's] trial, but after reviewing the information Ms. Post gave to the homicide investigator, I do not believe she would have testified to anything beneficial to [petitioner].

*Ex parte Grant*, pp. 192, 194–95.

In rejecting petitioner's claims, the state trial court made the following relevant findings of fact and conclusions of law:

> 8. The Court finds that based on the credible affidavit of [trial counsel], trial counsel reviewed the contents of the State's file, including the offense report, photo array, cell phone records, autopsy report, autopsy photos, crime scene photos, [petitioner's] pen packets, [petitioner's] judgments and sentences from prior convictions, jail tattoo photos of [petitioner], the pocket warrant, the search warrant, and the DNA report in the primary case.
>
> 9. The Court finds that based on the credible affidavit of [trial counsel], trial counsel's co-counsel [] reviewed recorded interviews with witnesses . . . Watkins, Post[.]
>
> 10. The Court finds that based on the credible affidavit of [trial counsel], trial counsel's investigator [] visited the scene of the offense and took photos, interviewed potential alibi witnesses provided by [petitioner], reviewed the cell [*sic*] records from the State's files and contacted a potential new witness and subpoenaed business records from a hotel related to the case.
>
> \* \* \* \*
>
> 12. The Court finds that based on the credible affidavit of [trial counsel], trial counsel did not interview [witness] Post because, after reviewing Ms. Post's statement to police, he did not believe Ms. Post had any information that would be helpful to [petitioner].

> 13. The Court finds that the Court of Appeals stated that [petitioner] was identified as the assailant by multiple witnesses and that the evidence against [him] was "substantial."

*Ex parte Grant*, pp. 205–06. The state trial court concluded that petitioner failed to meet his burden of proof under *Strickland*. *Id.*, p. 206. The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

In determining the merits of an alleged Sixth Amendment violation, courts "must be highly deferential" to counsel's conduct. *Strickland*, 466 U.S. at 689. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy" and reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). To make that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. *Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999). Courts will not find ineffective assistance of counsel merely because of a disagreement with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).

Petitioner here does not demonstrate that counsel's actions were not the product of a reasoned trial strategy, nor does he show that, but for counsel's actions, there is a reasonable probability that the result of the trial would have been different. He fails to show with competent evidence any favorable and material information that counsel would have

discovered had he undertaken additional investigation or personally interviewed the named witnesses. Petitioner's conclusory assertions of deficient performance and prejudice are unsupported in the record, and are insufficient to raise a genuine issue of material fact precluding summary judgment.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B. <u>Failure to introduce recorded statements</u>

Petitioner complains that trial counsel should have introduced into evidence Ms. Post's recorded out of court statement to refute other eyewitness testimony. Petitioner overlooks the fact that trial counsel testified in his affidavit that he reviewed Ms. Post's recorded statements and interviews and was of the opinion they were not favorable to the defense. Ms. Post's statements made clear that "the black male" attacked "the white male" without provocation, such that the black male was the assailant. It is established in the record that petitioner is a black male, and that the murder victim was a white male. Although Ms. Post stated she would not be able to identify the black male, several other eyewitnesses positively identified petitioner as "the black male." Consequently, Ms. Post's recorded statement, assuming it were admitted into evidence, would have implicated petitioner as the

16

sole aggressor in the incident, contrary to petitioner's trial theory that he stabbed the murder victim in self defense. It would have been reasonable trial strategy for counsel to decide that any potential benefit gained by introducing Ms. Post's statement into evidence would have been outweighed by the harm it would have caused the defense. Petitioner fails to show that counsel's actions in not using Ms. Post's statement were unreasonable trial strategy or that, but for counsel's actions, there is a reasonable probability that the result of the trial would have been different. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VIII. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome

of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Petitioner complains that appellate counsel was ineffective in failing to raise claims for ineffective assistance of trial counsel or to object to certain trial testimony. The state habeas court rejected these arguments, and found that petitioner failed to demonstrate either deficient performance or actual prejudice under *Strickland*. *Ex parte Grant*, pp. 206–07. The Texas Court of Criminal Appeals relied on the state court's findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover. Petitioner's conclusory allegations disagreeing with the state court's findings are unsupported in the record and insufficient to raise an issue of material fact precluding summary judgment. Habeas relief is not warranted.

The state court rejected petitioner's claims of ineffective assistance and found that appellate counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was

an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## IX. ACTUAL INNOCENCE

Petitioner claims that he is actually innocent of the charged offense. There is no free-standing claim of actual innocence in the law which would provide petitioner federal habeas relief. *See McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1931 (2013); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). However, the Supreme Court has recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim to allow for review of the merits. *Id.* To meet the actual innocence requirement, a petitioner must present new evidence of his innocence and show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Court finds no factual or legal support for an actual innocence claim in petitioner's pleadings or the state court record. The Court notes that petitioner acknowledged in his response to the motion for summary judgment that he currently cannot meet the evidentiary requirements for an actual innocence claim. (Docket Entry No. 33, p. 19.) The Court has no authority to grant petitioner's request that he be allowed to re-urge his actual innocence claim at a later date should favorable new evidence become available. Until

petitioner actually presents his anticipated new evidence to the courts, judicial consideration of the evidence cannot be undertaken.

Respondent is entitled to summary dismissal of petitioner's actual innocence claim, and the claim is dismissed.

## X. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 16) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the __19th__ day of June, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE